1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ORLANDO GARCIA,

             Plaintiff,

     v.

LOCADIO ZAVALZA, et al.,

             Defendants.

Case No.  22-cv-01127-SK

**ORDER TO SHOW CAUSE**

On April 13, 2022, Plaintiff moved for entry of default against Defendant Locadio Zavalza. (Dkt. No. 12.)  The Clerk entered default against Defendant Locadio Zavalza on April 14, 2022. (Dkt. No. 13.)  On April 20, 2022, Plaintiff moved for entry of default against the other Defendant, Martha Zavalza.  (Dkt. No. 14.)  Without moving to set aside the default entered against Defendant Locadio Zavalza or withdrawing the request to enter default against Defendant Martha Zavalza, the parties filed a stipulation providing that Defendants may file, by May 18, 2022, a responsive pleading in this action and providing an extension of the deadline to conduct the joint site inspection by thirty days.  (Dkt. No. 15.)

In response to the Court's Order requiring clarification, Plaintiff simply stated that he seeks to set aside the default entered against Defendant Locadio Zavalza and withdraw his request to enter default against Defendant Martha Zavalza but has not formally moved or filed a stipulation to do either.  The Court notes that it has repeatedly issued Orders to Show Cause ("OSC") to Plaintiff's Counsel's law firm, Center for Disability Access, based on Counsel's failure to diligently prosecute cases.  The Court has also repeatedly sanctioned attorneys at the Center for Disability Access and referred two individual attorneys with the Center for Disability Access to the Northern District of California's Standing Committee on Professional Conduct. Despite repeated apologies and promises to calendar deadlines, the Court notes that attorneys with

the Center for Disability Access continue to fail to diligently prosecute their cases. Instead, Plaintiff's Counsel appears to do the bare minimum. The Court has a full case load and does not have the time to manage this case for Plaintiff. It is Plaintiff's Counsel's responsibility to proceed diligently and should not need prompts from the Court. Plaintiff's Counsel is admonished that they will be sanctioned if this continues.

Accordingly, Plaintiff is HEREBY ORDERED to Show Cause in writing by no later than May 6, 2022, why this case should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and why Counsel should not be personally sanctioned in the amount of $1,000. Additionally, Plaintiff is admonished that, if he fails to file a response to this OSC by May 6, 2022, the Court may reassign this matter and issue a report and recommendation that this matter be dismissed for failure to prosecute and will sanction Plaintiff's Counsel without any further notice. Additionally, by no later than May 3, 2022, Plaintiff is FURTHER ORDERED to file a motion or stipulation to set aside the default entered against Defendant Locadio Zavalza and to file a notice that he withdraws his request to enter default against Defendant Martha Zavalza.

**IT IS SO ORDERED**.

Dated: April 27, 2022

_____
SALLIE KIM
United States Magistrate Judge